**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHAEL LASANE,**<br>**Petitioner,**<br>**v.**<br>**STEPHEN D'ILIO, et al.,**<br>**Respondents.** | **Civil Action No. 15-1303 (RK)**<br><br>**MEMORANDUM & ORDER** |

This matter has come before the Court on Michael Lasane's Amended Petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 20.) For the reasons explained below, the Court finds that Ground One of the Petition, which asserts a due process claim based on *Kent v. United States*, 383 U.S. 541 (1966) and *In re Gault*, 387 U.S. 1 (1967), is unexhausted and may be procedurally defaulted. At this time, the Court directs Petitioner to SHOW CAUSE as to why the Amended Petition should not be dismissed as a mixed petition and provides Petitioner the opportunity to withdraw the due process claim asserted in Ground One or submit any arguments he may have to overcome the procedural default of that claim. The Court will dismiss the Amended Petition without prejudice if Petitioner fails to elect one of these options within 30 days or fails to respond.

This case has a long procedural history, and the Court addresses only the facts that are relevant to its decision. The underlying homicide occurred on March 14, 1996, and Petitioner turned seventeen the next day. *See State v. Lasane*, 371 N.J. Super 151, 154 (N.J. Super. App. Div. 2004). Probable cause was established at a hearing held on March 21, 1996, and on January

14, 1997, Petitioner consented to waiver of the matter to the Law Division for disposition as an adult. *Id.* Subsequently,

> [o]n January 23, 1997, [Petitioner] pled guilty to an accusation charging him with felony murder, N.J.S.A. 2C:11–3a(3), in exchange for dismissal of a complaint also charging him with theft, purposeful and knowing murder, armed robbery, and carjacking. At the time of his plea, [Petitioner] acknowledged that he was exposed to the maximum sentence permitted for felony murder—life imprisonment with the required thirty years to be served before parole eligibility. The State indicated that it would request imposition of a "life sentence with 30 years to be served before eligib[ility] for parole—[the] 'maximum sentence provided by law.'"

*Id.* Petitioner was sentenced to life imprisonment with thirty years to be served before parole eligibility, and the Appellate Division affirmed his conviction on direct appeal. *Id.*

On June 15, 1999, defendant filed a PCR petition asserting ineffective assistance of counsel based on a sexual relationship between his mother and his original plea counsel. *See id.* at 156-57. After the PCR court denied relief, the Appellate Division remanded for an evidentiary hearing on whether Petitioner's plea was coerced. *Id.* Following that hearing, the PCR court once again denied relief. *See id.*

The Appellate Division reversed the PCR court, finding that "[t]he PCR record sufficiently demonstrates that [Petitioner's] reliance on his mother's advice combined with his mother's relationship with [Petitioner's] counsel before sentence was imposed warrant the grant of post-conviction relief." *Id.* at 166. The Appellate Division held that Petitioner "may withdraw his guilty plea. If he does so, all charges may be resurrected and presented to a grand jury." *Id.* Although the Appellate Division granted post-conviction relief to permit Lasane to withdraw his previous guilty plea to the felony murder charge, it cautioned that "[i]t may be that the negotiated disposition was beneficial to defendant and that he may decide not to withdraw his plea." *Id.* at 166.

On February 17, 2006, Petitioner withdrew his guilty plea. (*See* ECF No. 32-3.) At the time he withdrew his plea, he was represented by Michael Nelson. (*See id.*) Petitioner obtained new counsel after he withdrew his guilty plea, and counsel filed a motion to return the matter to the juvenile court for a waiver hearing. (*See* ECF No. 32-4.) On December 7, 2006, the court denied that motion.[1] (*See id.* at 13:11-23:24.)

A jury subsequently convicted Petitioner in 2007 of first-degree purposeful or knowing murder, N.J.S.A. 2C:11–3(a)(1) and (2); first-degree felony murder, N.J.S.A. 2C:11–3(a)(3); first-degree kidnapping, N.J.S.A. 2C:13–1(b); first-degree robbery, N.J.S.A. 2C:15–1(a) and (b); and first-degree carjacking, N.J.S.A. 2C:15–2(a). *See State v. Lasane*, 2010 WL 45920, at *1 (N.J. Super App. Div. Jan. 8, 2010). Petitioner was sentenced on March 23, 2007, to an aggregate custodial term of life imprisonment plus sixty years, with sixty years of parole ineligibility. *Id.* More specifically, the murder conviction resulted in a term of life, with thirty years of parole ineligibility, and the felony murder conviction was merged with the murder conviction. (*Id.*) The court also imposed a consecutive term of thirty years with fifteen years of parole ineligibility for the kidnapping conviction and a separate consecutive term of thirty years with fifteen years of parole ineligibility for the carjacking conviction. (*Id.*) The robbery conviction was merged with the carjacking conviction. (*Id.*)

---

[1] At the same motion hearing, Lasane also moved to dismiss Counts 3, 4, and 5 of the indictment as time-barred. (*See id.* at 24:2-3.) The court also denied that motion. (*See id.* at 29:17-33:25.) In his direct appeal, Petitioner filed a pro se supplemental brief arguing that the court abused his discretion in permitting Counts 3, 4, and 5 to proceed and that his waiver was involuntary because the kidnapping charge was not disclosed prior to his waiver to adult court. *See* ECF No. 40; *see also State v. Lasane*, 2010 WL 45920, at *2 (N.J. Super App. Div. Jan. 8, 2010). The Appellate Division rejected these arguments without comment pursuant R. 2:11-3(e)(2). *Id.* Petitioner appears to raise the latter claim in Ground Two of his Amended Petition.

On direct appeal, Petitioner raised various challenges to his conviction and sentence, but the Appellate Division granted relief only with respect to the merger of the kidnapping and carjacking convictions.[2] *See State v. Lasane*, 2010 WL 45920, at *3. The Supreme Court denied certification. *State v. Lasane*, 201 N.J. 442 (2010).

Petitioner subsequently filed a PCR petition alleging that Michael Nelson, who represented Lasane when he withdrew his plea, misadvised him that his case would be returned to juvenile court for proceedings, including a waiver hearing. (*See* ECF No. 42 at 87-88, Certification of Michael Lasane ¶ 3-4; *see also id.* at 89-90, Certification of Michael A. Nelson, Esquire.) Petitioner further asserted that this erroneous information amounted to ineffective assistance which led him to withdraw his plea. (*See id.*) On August 3, 2011, the PCR court denied this claim and the rest of the PCR petition without an evidentiary hearing. (ECF No. 41-3, PCR Tr. dated August 3, 2011; *see also* 41-4, Order denying PCR petition.)

Petitioner raised this ineffective assistance claim on appeal of the denial of PCR, and the Appellate Division affirmed denial of PCR on December 13, 2013. *See State v. Lasane*, A-1872-11T2, A-1418-12T2, 2013 WL 6508483, at *3-5 (N.J. Super App. Div. Dec. 13, 2013) (addressing and rejecting Petitioner's claim that he was "misadvised into withdrawing his guilty plea"). The Supreme Court denied certification. *State v. Lasane*, 218 N.J. 274 (2014).

Petitioner filed his original habeas petition on February 13, 2015, and it was assigned to the Honorable Peter G. Sheridan.[3] (ECF No. 1, Petition at 29.) On April 13, 2016, Judge Sheridan

---

[2] The appellate court held that "[i]n order to avoid double punishment for the single offense that was presented by this scenario, the carjacking conviction must merge with the kidnapping conviction in the interests of justice." *Id.* The court "affirm[ed] the convictions and remand[ed] for the entry of an amended judgment of conviction that shall reflect an aggregate sentence of life imprisonment plus thirty years, with forty-five years to be served before parole eligibility."

[3] On June 10, 2014, prior to filing his habeas petition, Petitioner filed a PCR petition in which he argued that his sentence was illegal under *Miller v. Alabama*, 567 U.S. 460 (2012). *State v. Lasane*,

permitted Petitioner to exhaust a claim of juror bias and terminated the matter pending the resolution of the state court proceedings. (ECF Nos. 14-15.) After Petitioner notified the Court that he wished to reopen the matter, Judge Sheridan restored the matter to his active docket on March 16, 2022, and provided Petitioner an opportunity to file an Amended Petition. (ECF No. 18.)

Petitioner filed an Amended Petition on April 9, 2022. (ECF No. 20 at 26.) The Amended Petition raises three claims for relief. As noted above, in Ground One, Petitioner raises a due process claim based on *Kent v. United States*, 383 U.S. 541, 554-56 (1966) (explaining that waiver to adult court "is a 'critically important' action determining vitally important statutory rights of the juvenile," and holding that juvenile is entitled to a hearing, effective assistance of counsel, and a statement of reasons) and *In re Gault*, 387 U.S. 1, 57 (1967) (reaffirming the holding in *Kent* with respect to waiver proceedings as consistent with the requirements of the Due Process Clause). (Am. Petition at 8-12.) Ground Two of the Amended Petition asserts that the state court did not have jurisdiction over the kidnapping charge. (Am. Petition at 13-16.) Ground Three of the Petition raises the juror bias claim. (Am. Petition at 16-18.)

The Court has carefully reviewed the Amended Petition and the record in this case, and finds that Petitioner did not raise his due process claim based on *Kent* or *In re Gault* to the state

---

2016 WL 5404234, at *1 (N.J. Super App. Div. Sept. 28, 2016). The Law Division denied the petition, holding that *Miller* "only forbids a sentence of life imprisonment without parole for juvenile offenders" and that Petitioner's sentence did not run afoul of *Miller*. *Id.* The Appellate Division denied certification, and the Supreme Court denied certification. *State v. Lasane*, 228 N.J. 470 (2017). Petitioner raised a *Miller* claim in his original petition but does not raise this claim in his Amended Petition.

courts or exhaust that claim by presenting this issue to the highest level of the state court. The claim raised and exhausted by Petitioner in his PCR proceedings does not rely on *Kent*, *In re Gault*, or the Due Process Clause. Instead, Petitioner asserted that counsel provided ineffective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (addressing "how to apply *Strickland's* prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial").

It is well established that a petition for a writ of habeas corpus "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). To satisfy the exhaustion requirement, a petitioner must "fairly present" the claim by presenting its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see Lines v. Larkins*, 208 F.3d 153, 159–60 (3d Cir. 2000). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented at each available level of the state courts. *Lines*, 208 F.3d at 159–161; *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992) ("A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court). If a petitioner has the right under state law to raise, by any available procedure, the question presented, then he will not be deemed to have exhausted his available state court remedies. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (citing 28 U.S.C. § 2254(c) (1997)). Petitioner has the burden of demonstrating that he has exhausted available state remedies. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), as

amended (1998) (habeas petitioner carries burden of proving exhaustion of all available state remedies) (citation omitted), cert. denied, 532 U.S. 919 (2001).

In their response to Ground One, Respondents fail to raise exhaustion as an affirmative defense. (*See* ECF No. 24 at 8-10;14) Because Respondents do not expressly concede that the claim is exhausted, however, the Court does not find that exhaustion is waived.[4] *See Sharrieff v. Cathel*, 574 F.3d 225, 227-228 (3d Cir. 2009).

As a general rule, federal courts should "dismiss without prejudice claims that have not been properly presented to the state courts, allowing petitioners to exhaust their claims." *Lines*, 208 F.3d at 159–60; *see Banks v. Horn*, 126 F.3d 206, 212–13 (3d Cir. 1997); *Jones v. Morton*, 195 F.3d 153, 155 (3d Cir. 1999); *Mathis v. Attorney General of New Jersey*, 732 F. App'x 138, 140–44 (3d Cir. 2018) (remanding with direction to dismiss mixed petition without prejudice where it was unclear whether further review was barred by New Jersey courts). On the other hand, if a petitioner has not fairly presented the claim and review on the merits is "so 'clearly foreclosed' by state law that we can 'conclude with certainty' that state courts afford no recourse for the claim," *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (quoting *Lines*, 208 F.3d at 165, 163), "the claim is 'procedurally defaulted.'" *Wilkerson*, 871 F.3d at 228 (quoting *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001)). Unless the petitioner can "demonstrate cause and prejudice for the

---

[4] As explained by the Third Circuit, "[u]nder Section 2254(b)(3), an express waiver requires more than just the failure to raise exhaustion as a defense." *Id.* at 228 (citing *Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir. 1997) (noting that since the Antiterrorism and Effective Death Penalty Act was passed, "a district court may no longer infer that a state has waived the nonexhaustion defense from its failure to invoke the defense expressly"). The Third Circuit has held that "by conceding exhaustion in its answer . . . , the State clearly, explicitly, and unambiguously waived the exhaustion requirement." *Id.* at 230; *see also Orie v. Secretary Pennsylvania Department of Corrections*, 940 F.3d 845, 854 (3d Cir. 2019) (explaining that a state can waive exhaustion if it does so explicitly through counsel and finding that the Commonwealth explicitly stated in the answer that all claims were exhausted and not procedurally defaulted).

default [or] . . . a fundamental miscarriage of justice, [the] petition should [be] dismissed with prejudice."[5] *Lines*, 208 F.3d at 160; *see also Slutzker v. Johnson*, 393 F.3d 373, 381 (3d Cir. 2004); *Robinson v. Superintendent, SCI Somerset*, 722 F. App'x 309, 312 (3d Cir. 2018).

At this time, Petitioner has two options.[6] He may withdraw his unexhausted Due Process claims asserted in Ground One and proceed on Grounds Two and Three of the Amended Petition. Alternatively, to the extent his due process claim under *Kent* and *In re Gault* is procedurally defaulted, Petitioner may attempt to establish cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Within 30 days, Petitioner must either withdraw Ground One or file a supplemental brief addressing procedural default.[7]

Petitioner is hereby notified that if he does not voluntarily dismiss the unexhausted due process claim alleged in Ground One of the Amended Petition or provide arguments to overcome the procedural default of that claim within 30 days, the Court will dismiss the Amended Petition without prejudice as a mixed petition.

---

[5] Where unexhausted or procedurally defaulted claims are patently meritless, the Court may also deny petitioner's unexhausted claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion"); *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005) (considering procedurally defaulted claim, and stating that "[u]nder 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

[6] The Court discerns no basis for another stay under *Rhines v. Weber*, 544 U.S. 269, 276 (2005), because Petitioner cannot show good cause for failing to exhaust this claim, given that Judge Sheridan permitted him to exhaust a different claim in state court and Petitioner failed to exhaust this claim at that time.

[7] Petitioner also refers briefly to his attorney's alleged mis-advice in Ground One but does not clearly assert a claim of ineffective assistance based on that misadvice. Within 30 days, Petitioner may clarify in writing whether he intended to raise an ineffective assistance claim based on his attorney's alleged mis-advice in connection with the withdraw of his plea.

If Petitioner submits arguments to excuse the procedural default of Ground One and/or clarifies that he also intended to bring an ineffective assistance claim based on his attorney's misadvice in Ground One, Respondents shall submit a supplemental answer within 30 days addressing the same. The Court retains jurisdiction but administratively terminates this matter pending the parties' submissions. The Court will reopen this matter to issue its ruling.

**IT IS** on this 24th day of March 2025,

**ORDERED** that for the reasons stated in this Memorandum and Order, Petitioner shall **SHOW CAUSE** within 30 days as to why his Amended Petition should not be dismissed as a mixed petition; and it is further

**ORDERED** that within 30 days of the date of this Memorandum & Order, Petitioner must either withdraw the unexhausted due process claim alleged in Ground One of the Amended Petition or submit arguments to overcome the procedural default of that claim; and it is further

**ORDERED** that within 30 days, Petitioner may clarify in writing whether he intended in Ground One of the Petition to raise an ineffective assistance claim premised on his attorney's alleged mis-advice in connection with the withdraw of his plea; and it is further

**ORDERED** that if Petitioner fails to either 1) withdraw the unexhausted due process claim asserted in Ground One or 2) make arguments to overcome the procedural default of that claim within 30 days, the Court will dismiss the Amended Petition without prejudice as a mixed petition; if the Court dismisses the Amended Petition as a mixed petition, Petitioner may lose his opportunity for federal habeas review; and it is further

**ORDERED** that if Petitioner submits arguments to excuse the procedural default of Ground One and/or clarifies that he also intended to bring an ineffective assistance claim in Ground One based on his attorney's alleged mis-advice, Respondents shall submit a supplemental answer

within 30 days addressing the same;[8] and it is further

**ORDERED** that the Court retains jurisdiction but directs the Clerk to **ADMINISTRATIVELY TERMINATE** this matter for docket management purposes pending the parties' submissions; the Court retains jurisdiction and will reopen the case and issue its ruling in due course; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

ROBERT KIRSCH
United States District Judge

[8] Respondents did not file a list of exhibits with their Answer. Respondents are instructed to file a complete list of exhibits on the docket with their Supplemental Answer.